IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-10-CV-273-KC |
| § | |
| H & W INDUSTRIAL SERVICES, § | |
| INC., § | |
| § | |
| Defendant. § | |

### ORDER

On this day, this Court considered Defendant's "Motion to Transfer Venue" ("Motion") (ECF No. 4) and Plaintiff's "Response to Defendant's Motion to Transfer Venue" ("Response") (ECF No. 5). Upon due consideration, the Court finds that the Motion should be **DENIED**.

### I.   BACKGROUND

On July 28, 2010, Plaintiff filed its Complaint against Defendant for declaratory judgment, seeking a ruling that Plaintiff was not obligated by its insurance contract with Defendant to indemnify and defend against a lawsuit ("the underlying suit") brought by the Texas Department of Transportation ("TXDOT") and the City of El Paso against Defendant. Pl.'s Compl. ¶ 17. TXDOT and the City of El Paso claimed breach of contract and breach of warranty against Defendant based on alleged defects in the manufacture of street signs Defendant sold to TXDOT for use by the City of El Paso as a third party beneficiary to the contract. *Id.* ¶ 1.

### II.   DISCUSSION

Defendant titles its Motion as one for transfer of venue, presumably as provided for by 28 U.S.C. § 1404(a). However, Defendant cites no statute or case law in support of its Motion, and,

in its three paragraphs of argument, proceeds instead as if it were moving for dismissal for improper venue, as provided for by Federal Rule of Civil Procedure 12(b)(3). In its Response, Plaintiff construes the Motion as a motion for dismissal for improper venue and not transfer. Whether treated as a motion for transfer of venue or as a motion to dismiss, Defendant's Motion fails. The Court considers each possibility in turn.

### A. Improper Venue

First, the Court addresses the possibility that Defendant moves for dismissal for improper venue in accordance with Federal Rule of Civil Procedure 12(b)(3). A case laying venue in the wrong district must be dismissed, unless the court finds it in the interests of justice to transfer it to a district or division where it could have been brought. 28 U.S.C. § 1406(a). However, there is a split of authority as to which party carries the burden of proof for such a motion. *Compare Bounty-Full Entm't, Inc. v. Forever Blue Entm't Group, Inc.*, 923 F. Supp. 950, 957 (S.D. Tex. 1996) (placing burden on defendant) *with Langton v. Cbeyond Commc'n, LLC*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003) (placing burden on plaintiff). Some courts have held that the burden continues to rest with the moving party to prove that venue is improper. *See, e.g.*, *Myers v. Am. Dental Ass'n*, 695 F.2d 716 (3d Cir. 1982). Others have held that the burden rests with the plaintiff to show why venue is proper, since it is the plaintiffs' general duty to prove that a case is properly before a particular tribunal. *See, e.g.*, *Bartholomew v. Virginia Chiropractors' Ass'n, Inc.*, 612 F.2d 812 (4th Cir. 1979), *overruled on other grounds by Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119 (1982); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352 (3d ed. 2010) (collecting cases on the issue). Fortunately, this Court need not wade into this debate, since the disposition of Defendant's motion is identical

regardless of which party bears the burden of proof. For the purposes of this Order, therefore, the Court assumes that, after the defendant moves for dismissal under Rule 12(b)(3), the burden is on the plaintiff to prove proper venue.

The general venue statute for the federal courts dictates that in a civil case where subject matter jurisdiction is proper solely based upon diversity of citizenship of the parties, venue properly lies in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391.

Venue is proper in a particular district even if it is not the "'best'" forum for the lawsuit, so long as the statutory criteria are satisfied. *Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 459 (S.D. Tex. 1996) (quoting *Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994). When ruling upon a 12(b)(3) motion, the court may consider "'any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citing *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1138-40 (9th Cir. 2004)). But the court must "view all the facts in a light most favorable to the plaintiff." *Id.* at 237. So long as a plaintiff presents evidence sufficient to support venue in its chosen forum, a motion to dismiss for improper venue must be denied. *Langton*, 282 F. Supp. 2d at 508.

Plaintiff here argues that venue in the Western District of Texas is proper because a

substantial part of the events or omissions giving rise to the claim occurred here. Resp. ¶ 5. Specifically, Plaintiff states that the underlying lawsuit was filed in Texas state court in El Paso, Texas, which is within the Western District of Texas. *Id.* Ex. A. Plaintiff further states that the underlying lawsuit is itself concerned with defective street signs that were used in the City of El Paso, which is in the Western District of Texas. *Id.* Defendant's only statement in support of dismissal is a conclusory denial that a substantial part of the events giving rise to this action arose in the Western District. *See* Mot. ¶ 1. Having reviewed the Plaintiff's affidavits in support of its Response, the Court finds that the underlying suit and many of the facts giving rise to the underlying suit occurred in the Western District of Texas. Accordingly, the Court holds that these events constitute a substantial part of the events giving rise to the present declaratory judgment action and venue is proper in this Court. Therefore, Defendant's Motion should be denied.

    **B. Transfer of Venue**

The Court next addresses the possibility that Defendant's Motion is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Such a motion still must fail. Defendant, as the party moving to change venue, bears the burden of demonstrating why the forum should be changed. *See Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993) ("It is well settled that the party moving for a change of venue bears the burden of demonstrating why the forum should be changed.") (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). In satisfying its burden of proving why transfer is appropriate, the movant defendant must address a number of private and public interest factors, including the ease of access to evidence, cost of attendance for witnesses, potential congestion of courts' dockets, the familiarity of the forum

with the law governing the case, among others. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

Defendant's Motion, consisting of three short paragraphs of text with no citation to legal authority whatsoever, wholly fails to satisfy this burden. Defendant does not mention the relevant *Volkswagen* factors, much less address them. Defendant states that its residence is in the Eastern District of Texas, and that the parties entered into the contract there as well. But these facts, standing alone, at most indicate that venue would also be proper in the Eastern District, which is merely a prerequisite to transfer of venue to a specific district. *See* 28 U.S.C. § 1404(a) (courts may transfer a case to a "district or division where it might have been brought"). Defendant does not show that venue in the Eastern District would be more convenient. In light of these defects, Defendant's Motion is **DENIED**.

**SO ORDERED**.

**SIGNED** on this 30th day of September, 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE